**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**ELLISDALE CONSTRUCTION, LLC,**

    Plaintiff,

v.

**RICHARD E. WARD, II,**

    Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiff Ellisdale Construction, LLC ("Ellisdale" or the "Company"), by counsel, states the following in support of its Complaint against Defendant Richard E. Ward, II ("Ward"). For the reasons and on the grounds alleged herein, Plaintiff respectfully prays that the Court enter judgment in its favor and against Ward.

### NATURE OF THE ACTION

1. This action seeks judgment in favor of Plaintiff against Ward for Ward's breaches of the Ellisdale's operating agreement, breaches of loyalty and other common-law fiduciary duties, conversion, fraud, and unjust enrichment.

### PARTIES

2. Ellisdale is a limited liability company organized under the laws of the State of Maryland, with its principal offices located at 106 Harrison Street SE, Suite 100, Leesburg, VA, 20175.

3. Ward is a natural person who resides in Park City, Utah. Ward is a Member in and Manager of the Ellisdale. Ward is not a resident or citizen of the Commonwealth of Virginia.

**JURISDICTION AND VENUE**

4. The Court has original jurisdiction in this action under Title 28, Section 1332 of the United States Code, as this lawsuit is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Ward is subject to the Court's personal jurisdiction, as Ward regularly conducts business with Ellisdale and has committed tortious acts against Ellisdale within the Commonwealth of Virginia, and within this District and Division, as alleged herein.

**STATEMENT OF FACTS**

6. Ellisdale provides a wide set of construction services, including pre-construction consulting, design, and general contracting.

7. Ellisdale's purposeful integration of architects, designers, and experienced contractors helps it deliver high-quality and cost-effective projects.

8. Kevin D. Ash ("Ash") and Ward created Ellisdale in 2004, when they combined their respective experiences in the industry to form a successful construction company.

9. Ash brought to over a decade of high-level construction management experience, where he managed tens of millions of dollars' worth of projects in some of the industries' leading companies.

10. By contrast, Ward has largely operated as a silent partner, providing capital and consulting regarding Ellisdale's financing as necessary.

11. By design, Ward has largely taken a back seat in Ellisdale's operations.

12. With Ash running the day-to-day operations, Ellisdale has thrived and has amassed a portfolio touting numerous multi-million-dollar development projects.

13. The Amended and Restated Operating Agreement of Ellisdale Construction, LLC ("Ellisdale OA"), effective January 1, 2010, currently governs Ellisdale's operations.

14. A true and accurate copy of the Ellisdale OA is attached hereto as "Exhibit 1."

15. Under Exhibit A to the Ellisdale OA, Ash and Ward are the only two Members of the Ellisdale organization, each holding 50% ownership interest thereto.

16. Article VI of the Ellisdale OA governs the Managers of the company, and Section 6.02 provides that "[t]he Board of Managers will be composed of Managers, the current Managers being Kevin D. Ash and Richard E. Ward, II[,]" whose term "will continue until removed pursuant to Section 6.03."

17. Section 6.01 of the Ellisdale OA provides in relevant part: "Each Manager will . . . be a fiduciary with respect to the Company."

18. Section 6.09(f) of the Ellisdale OA provides in relevant part that an "individual Member or Manger does not have any authority to . . . sell or transfer all or substantially all of the Company's assets other than in the ordinary course of business . . . ."

19. Section 14.01 of the Ellisdale OA provides: "The Company's funds will be deposited in the Company's name in such bank or financial accounts as may be designated by the Board of Managers, and the Board of Managers will arrange for the appropriate conduct of such accounts, including the signatures to be required."

20. Ward, acting as Manager and as a fiduciary of Ellisdale, has no authority to transfer substantially all of Ellisdale's assets to himself.

21. Notwithstanding his transparent lack of authority to do so, on December 18, 2020, Ward initiated a transfer of $800,000 from Ellisdale's operating account (MVB 131415) to his

own personal account, and initiated a transfer of $1,400,000 from Ellisdale's bond collateral account (MVB 78042) into his own personal account(s).

22. On December 24, 2020, MVB released the $2,200,000 of Ellisdale's funds to Ward's personal account(s).

23. Ward's conduct was intentional, willful, wanton, fraudulent, unlawful, unethical, inequitable, unjust, tortious, and in bad faith.

24. Ward's misappropriation of Ellisdale's assets has left Ellisdale unable to, without limitation, maintain sufficient liquidity in its year-end financial statements to be able to meet bonding requirements.

25. Ward's conduct has irreparably damaged Ellisdale's business, reputation, and goodwill.

26. Section 17.19 of the Ellisdale OA provides: "EACH MEMBER AND THE COMPANY HEREBY WAIVE TRIAL BY JURY IN ANY ACTION OR PROCEEDING INVOLVING ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT, FRAUD OR OTHERWISE) IN ANY WAY ARISING OUT OF OR RELATING TO THIS AGREEMENT AND/OR THE RELATIONSHIP AMONG THEM."

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

27. Plaintiff hereby restates the allegations set forth in paragraphs 1 through 26 of this Complaint as if they were re-alleged verbatim herein.

28. Ward's conduct in transferring $2,200,000 of Ellisdale's funds into his own account(s) breached the Ellisdale OA, including, without limitation, the provisions of the Ellisdale OA noted above.

29. As a direct and proximate result of Ward's breaches of the Ellisdale OA, Ellisdale has suffered damages of at least $2,200,000.

## SECOND CAUSE OF ACTION –
## BREACH OF FIDUCIARY DUTY (COMMON LAW)

30. Plaintiff hereby restates the allegations set forth in paragraphs 1 through 29 of this Complaint as if they were re-alleged verbatim herein.

31. As a Manager and agent of Ellisdale, Ward owed fiduciary duties to Ellisdale to exercise due care in the Company's management and to act in the best interests of Ellisdale.

32. Ward's fiduciary duties to Ellisdale included, without limitation, the duty to: (i) act in a manner which was loyal to Ellisdale and its best interests; (ii) not act adversely to Ellisdale's interests; and (iii) not to compete against the interests of Ellisdale at least so long as he remained its Manager and agent.

33. Ward's conduct in transferring $2,200,000 in Ellisdale's funds into his own account(s) breached Ward's fiduciary duties to Ellisdale.

34. As a direct and proximate result of Ward's breaches of his fiduciary duties, Ellisdale has suffered damages of at least $2,200,000.

## THIRD CAUSE OF ACTION –
## FRAUD (ACTUAL OR CONSTRUCTIVE)

35. Plaintiff hereby restates the allegations set forth in paragraphs 1 through 34 of this Complaint as if they were re-alleged verbatim herein.

36. Ward fraudulently concealed his intention to misappropriate Ellisdale's funds and misrepresented to Ellisdale's bank his authority to do so.

37. At all times relevant thereto, Ward was a Manager and agent of Ellisdale and thus owed it duties of loyalty and other fiduciary duties.

38. Despite these duties, Ward intentionally or negligently hid from Ellisdale his plan to misappropriate Ellisdale's funds into his own personal account(s).

39. Ward intended by his omissions and concealment to induce Ellisdale's reliance on Ward's continued observance of his duties.

40. Ellisdale relied to its detriment on Ward's omissions and concealment regarding his plan to misappropriate Ellisdale's funds.

41. As a result of Ward's omissions and/or concealment, Ellisdale has suffered damages of at least $2,200,000.

### FOURTH CAUSE OF ACTION – CONVERSION

42. Plaintiff hereby restates the allegations set forth in paragraphs 1 through 41 of this Complaint as if they were re-alleged verbatim herein.

43. Ward misappropriated $2,200,000 from Ellisdale's accounts without Ellisdale's knowledge or consent.

44. The funds in Ellisdale's bank accounts belonged to Ellisdale, and Ward wrongfully converted the funds by transferring funds from Ellisdale's accounts to his personal bank account(s).

45. Ellisdale has suffered damages of at least $2,200,000 as a result of Ward's wrongful conversion of the funds contained in Ellisdale's bank accounts.

### FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT

46. Plaintiff hereby restates the allegations set forth in paragraphs 1 through 45 of this Complaint as if they were re-alleged verbatim herein.

47. Ward was not entitled to the $2,200,000 that he transferred from Ellisdale's accounts into his own personal bank account(s).

48. Ward has been unjustly enriched at Ellisdale's expense.

49. Ward therefore has a duty to pay restitution to Ellisdale of at least $2,220,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court enter an Order, ADJUDGING, ORDERING and DECREEING that Defendant is liable to Plaintiff on one or more of the causes of action alleged herein, and awarding Plaintiff the following damages:

1. Compensatory and/or restitution damages to be proven at trial as to each cause of action, in amounts totaling at least TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000);

2. Plaintiffs' attorneys' fees and costs incurred in litigating this matter;

3. Punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00);

4. Prejudgment and post-judgment interest; and

5. All such other and further relief as this Court may deem just and appropriate.

Dated: December 24, 2020                                Respectfully submitted,

                                                        */s/ Derek H. Swanson*
                                                        Derek H. Swanson (VSB No. 73463)
                                                        DUNLAP BENNETT & LUDWIG PLLC
                                                        8003 Franklin Farms Dr., Suite 220
                                                        Richmond, Virginia 23229
                                                        Telephone: (804) 385-0620
                                                        Facsimile: (804) 977-2680
                                                        *dswanson@dbllawyers.com*

                                                        Thomas M. Dunlap (VSB No. 44016)
                                                        DUNLAP BENNETT & LUDWIG PLLC
                                                        8300 Boone Blvd, Suite 550
                                                        Vienna, Virginia 22182
                                                        Telephone: (703) 777-7319
                                                        Facsimile: (703) 777-3656
                                                        *tdunlap@dbllawyers.com*

                                                        Michael W. Lehr (VSB No. 94859)
                                                        DUNLAP BENNETT & LUDWIG PLLC
                                                        8003 Franklin Farms Dr., Suite 220
                                                        Richmond, Virginia 23229
                                                        Telephone: (804) 477-8678
                                                        Facsimile: (804) 977-2680
                                                        *mlehr@dbllawyers.com*

                                                        *Counsel for Plaintiff*